## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

JASON OVERHULSER,

Plaintiff,

v.

GE JOHNSON CONSTRUCTION, LLC

Defendant,

_____

## COMPLAINT AND JURY DEMAND

_____

Plaintiff Jason Overhulser ("Overhulser" or "Plaintiff"), by and through undersigned counsel, files this Complaint against GE Johnson Construction, LLC ("GE Johnson" or "Defendant") and states as follows:

## NATURE OF ACTION

Plaintiff brings this action for damages as a result of Defendant's discrimination against him on the basis of his disability, and/or his perceived disability, and as a result of its retaliation against him in violation of the American's with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA") and C.R.S. § 24-34-402. See also *Harley v. Potter*, 416 F. App'x 748, 757 (10th Cir. 2011). Plaintiff also has a claim for termination in violation of public policy. Plaintiff filed for worker's compensation. He was terminated in retaliation for being injured on the job, complaining about discrimination, and filing a worker's compensation claim.

## I. PARTIES

1.      Plaintiff Jason Overhulser ("Overhulser") is an individual citizen and resident of Colorado. All the events and transaction upon which this suit is based occurred in the State of Colorado. Mr. Overhulser resides at 2505 Cardigan Drive, Colorado Springs, Colorado 80920.

2.      Defendant GE Johnson is a Colorado company doing business in the state of Colorado. GE Johnson is a private Employer with fifteen (15) or more employees. At all relevant times, GE Johnson was an "employer" as defined by ADA 42 U.S.C. 12111(5)(A) with a principal office located at 25 N. Cascade, Suite 400, Colorado Springs, Colorado 80903.

3.      Jurisdiction is invoked pursuant to the American with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990). Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343 and this action is authorized and instituted pursuant to 29 U.S.C. §626(c).

4.      Venue is proper in this Court as the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of Colorado.

## ADMINISTRATIVE HISTORY

5.      Plaintiff has timely and properly exhausted his administrative remedies by filing an initial Charge with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission ("EEOC"), Charge Nos. FE2019001346and 32A-2018-00714 on or about August 27, 2018, based upon grounds of disability discrimination and retaliation.

6.      Plaintiff provided information to the CCRD and/or the EEOC alleging continued acts of discrimination against him, including repeated discrimination and harassment by his supervisors and was ultimately terminated.

7.      This lawsuit is timely filed within 90 days after Plaintiff's electronic receipt of a Notice of Right to Sue from the EEOC dated June 27, 2019.

## FACTUAL ALLEGATIONS

8.      Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 7 of this Complaint as if set forth verbatim.

9.      Overhulser began his employment with Defendant October 2017, as a Laborer.

10.     At all relevant times Overhulser performed in a satisfactorily manner.

11.     Overhulser suffers from Type I Diabetes.  Defendant was aware of that Overhulser suffered from Diabetes and that Overhulser used insulin.

12.     At all relevant times, Overhulser was qualified to perform his job duties as a laborer with or without reasonable accommodations.

13.     On or about February 14, 2018, Overhulser sustained an injury while at work. He was placed on light duty.

14.     In or around March 2018, Overhulser was subjected to unequal terms and conditions of employment in response to his acceptance of worker's compensation benefits.

15.     Overhulser's supervisors and managers stopped speaking to him and avoided him at work.

16.     On or about June 20, 2018, according to Tapia, Overhulser allegedly had a diabetic episode. Tapia pulled Overhulser into an office. Overhulser stated he was fine but Tapia sent him home for the remainder of the day and told him not to come back without a doctor's release. Tapia told Overhulser that he was a liability.

17.     On or about June 25, 2018, Defendant's Human Resource Representative Shannon Carriere ("Carriere") told Overhulser that he would be required to have his doctor fill out ADA paperwork before he could return to work.

18.     On or about June 26, 2018, Overhulser provided Defendant with a release from his medical doctor excusing him from work, due to his disability, from June 21, 2018 to June 26, 2018. Overhulser was released to return to work on June 27, 2018 with the reasonable accommodation of an extra break, and the ability to eat and drink on the job.  Carriere stated she wanted the doctor to fill out the ADA paperwork before he could return to work.

19.     Overhulser was released to return to work on June 27, 2018. However, he was not allowed back on the jobsite on June 27, 2018.

20.     On or about June 28, 2018, Overhulser confirmed with Carriere that his doctor had not received any ADA paperwork from Carriere.

21.     On or about June 29, 2018, Overhulser emailed Carriere again and told her that his doctor still had not received the paperwork for the return to work and ADA accommodations. Overhulser had been released to work for two days now but Defendant refused to let him back on the job site.

22.     On or about July 6, 2018, Overhulser told Carriere that he downloaded the appropriate paperwork and gave it to his doctor. He told Carriere that he was able to return to work the following Monday, July 9, 2018.

23.     The ADA form was provided to Carriere. It stated that Overhulser could return to work with an added 15 minute break to snack, rest and check his blood glucose.

24.     On or about July 10, 2018, Overhulser was terminated.

**FIRST CLAIM FOR RELIEF**

-4-

**(Disability Discrimination – ADA/ADAAA)**

25.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 24 of this Complaint as if set forth verbatim.

26.    Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990).

27.    Plaintiff has a qualifying disability under the ADA and the ADAAA.

28.    Defendant willfully and intentionally subjected Plaintiff to a disability discrimination.

29.    Defendant knew its action violated the ADA and/or ADAAA or it was recklessly indifferent in that regard.

30.    Plaintiff was discharged from his position due to the fact that he had a disability.

31.    As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, earnings, diminution of future earnings capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney's fees, costs and expenses, and other damages to be determine at trial. Plaintiff claims compensatory damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**SECOND CLAIM FROM RELIEF**
**(Retaliation-ADA § 12203)**

32.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 31 of this Complaint as if set forth verbatim.

33.    Defendant's conduct in subjecting Plaintiff to the above-described adverse employment actions are in violation of the ADA § 12112.

34.    The effect of these statutory violations was to deprive Plaintiff of rights and privileges

enjoyed by persons who have not engaged in activities protected by the ADEA, ADA and/or ADAAA.

35.    The statutory violations were intentional.

36.    These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's federally protected rights.

37.    As a result of the actions of Defendant, Plaintiff suffered damages.

### THIRD CLAIM FOR RELIEF
### (Discrimination in Violation of the Colorado Anti-Discrimination Act)
### (C.R.S. § 24-34-402(1)(a))

38.    Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 37 of this Complaint as if set forth verbatim.

39.    Defendant is an employer as defined by C.R.S. § 24-34-401(3).

40.    Overhulser is a member of a protected class of individuals based on disability.

41.    Plaintiff was an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of her position.

42.    Defendant knew its actions violated CADA or was recklessly indifferent in that regard.

43.    As a direct and proximate result of the foregoing actions and conduct of Defendant, Overhulser has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Overhulser also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Overhulser claims damages for these losses and injuries under C.R.S. § 24-34-405.

### FOURTH CLAIM FROM RELIEF
### (Retaliation in Violation of the Colorado Anti-Discrimination Act

**(C.R.S. § 24-34-402(1)(e)(IV))**

44.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 43 of this Complaint as if set forth verbatim.

45.     Overhulser engaged in protected activities by attempting to complain the discrimination that she experienced in the workplace because of her disability.

46.     Defendant's conduct in subjecting Overhulser to the adverse employment actions of being threatened with termination is in violation of C.R.S. § 24-34-402(1)(e)(IV).

47.     Overhulser further suffered an adverse employment action by being terminated after he asked for reasonable accommodations.

48.     The effect of these statutory violations was to deprive Overhulser of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

49.     These statutory violations were intentional.

50.     These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Overhulser's statutorily protected rights.

51.     As a direct and proximate result of the foregoing actions and conduct of Defendant, Overhulser has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Overhulser also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Overhulser claims damages for these losses and injuries under C.R.S. § 24-34-405.

**FIFTH CAUSE OF ACTION**
**(Wrongful Discharge in Violation of Public Policy C.R.S. § 8-43-102(1)**

52.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 51 of this Complaint as if set forth verbatim.

53.     Defendant retaliated against Plaintiff for complying with Colorado law in reporting a workplace injury and filing a claim for workers' compensation under Colorado law.

54.     A worker who is injured on the job must report the injury to the employer within four (4) days pursuant to C.R.S. § 8-43-102(1).

55.     Reporting a work-related injury is a statutory and regulatory right related to public health, safety and welfare.

56.     Reporting a work injury is exercising an important work-related right or privilege because Plaintiff reasonably believed he had a duty to exercise the right to report his workplace injury.

57.     Defendant and its agents knew or should have known that Plaintiff had a right to file a workers' compensation claim free of retaliation and responsibility to report said same injury.

58.     Defendant wrongfully fired Plaintiff for complying with his legal obligation and right to report a workplace injury under the Colorado Workers' Compensation Act.

59.     The decision to discharge Plaintiff was contrary to the clearly expressed public policy of the State of Colorado and the United States, and caused damage to Plaintiff.

WHEREFORE, Jason Overhulser respectfully requests that this Court enter judgment in his favor and against Defendant, and award his damages for back pay, front pay, benefits, pre-judgment interest, liquidated damages, costs, expert fees, attorney's fees, and such other and further relief as this Court deems proper.

## PLAINTIFF REQUESTS TRIAL BY JURY

DATED this 14th day of August, 2019.

Respectfully submitted,

*/s/ Sara A. Green*

Sara A. Green, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net